UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-CV-00846-TBR

THE BANDANA CO., INC.                                                    Plaintiff

v.

RJEJ INVESTMENTS, LLC, *d/b/a* STAR IMPORTS                              Defendant

**MEMORANDUM OPINION**

On April 17, 2013, the Court entered default judgment on liability against the Defendant, RJEJ Investments, LLC, *d/b/a* Star Imports, (Docket No. 9.), and thereafter ordered the Plaintiff, The Bandana Co., Inc., to file affidavits setting forth the damages they seek, (Docket No. 10). Plaintiff did so on June 14, 2013, (Docket Nos. 11; 11-3), and also filed its Motion for Attorney Fees, (Docket No. 12), which is presently pending before the Court. These Findings of Fact and Conclusions of Law will address the issues of damages and attorney's fees, and a separate Order and Judgment reflecting the Court's findings and conclusions will issue contemporaneously herewith.

FINDINGS OF FACT

On December 19, 2012, Plaintiff filed its Complaint in the above-styled case alleging that Defendant willfully infringed Plaintiff's copyright in and to its works known as "Minnow Fisherman," "Scotty Schnauzer," "Happy Puppy," "Hound Dog," and "Scaredy Cat" (collectively the "Protected Works") by knowingly copying, distributing, and selling same. (Docket No. 1.) Photographic representations of

Plaintiff's Protected Works were incorporated in and attached to Plaintiff's Complaint.[1] (*See* Docket Nos. 1, at 4-9; 1-1; 1-4; 1-7; 1-10; 1-13.) Specifically, Plaintiff alleged that Defendant infringed the Protected Works of Plaintiff by creating the five derivative works ("the Infringing Works") described in paragraphs 11, 15, 19, 23, and 27 of Plaintiff's Complaint. Photographic representations of the alleged Infringing Works also were incorporated in and attached to Plaintiff's Complaint.[2] (*See* Docket Nos. 1, at 4-9; 1-2; 1-5; 1-8; 1-11; 1-14.)

On February 27, 2013, Plaintiff filed its Motion for Default Judgment, to which Plaintiff attached a sworn affidavit by Plaintiff's counsel indicating that the Defendant had not answered Plaintiff's Complaint more than two months after being served through the Kentucky Secretary of State. (Docket No. 8.) It appears that Defendant was properly served at the address of Defendant's registered agent listed with the Texas Secretary of State at the time of service. (*See* Docket No. 7.) In its Motion for Default Judgment, Plaintiff moved this Court to enter default judgment on liability against Defendant, grant the injunctive relief requested in both Plaintiff's Complaint and Motion for Default Judgment, and set a hearing to determine damages.

On April 17, 2013, the Court entered default judgment on liability in favor of Plaintiff for Defendant's failure to appear in this case. (Docket No. 9.) As a result, this Court found as a matter of law that Defendant infringed Plaintiff's copyrights in and to the Protected Works by creating and distributing Defendant's five Infringing Works and,

---

[1] Copies of the Plaintiff's Protected Works are also attached as "Exhibit A" to the Court's Order of April 17, 2013, granting default judgment against Defendant, and that exhibit is incorporated herein by reference. (*See* Docket No. 9, at 3-7.)

[2] Copies of the Defendant's alleged Infringing Works are also attached as "Exhibit B" to the Court's Order of April 17, 2013, granting default judgment against Defendant, and that exhibit is incorporated herein by reference. (*See* Docket No. 9, at 8-12.)

therefore, is liable for five counts of copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*

On April 29, 2013, the Court held a telephonic conference in this matter and ordered Plaintiff to file affidavits on damages no later than June 15, 2013. (Docket No. 10.) The Court further requested that Plaintiff submit Proposed Findings of Fact and Conclusions of Law in support of the remedies requested.

Plaintiff represents that it mailed a copy of the default judgment to Defendant on April 30, 2013. Plaintiff's counsel further states that on May 21, 2013, counsel for Defendant communicated her awareness of this matter with Plaintiff's counsel via telephone and again was made aware of the default judgment entered in this matter. (Docket No. 11, at 2.) On June 13, 2013, counsel for Defendant sent a letter to Plaintiff's counsel acknowledging that it had "come to the attention of Star Imports that Bandana filed suit against Star Imports on or about December 19, 2012 and took a default judgment against Star Imports on or about April 17, 2013." (Docket No. 11-2, at 1.) Counsel for Defendant seems to imply in that letter that Defendant was not properly served, (*see* Docket No. 11-2, at 1); however, Defendant did not at that time make a formal appearance in this matter to challenge the sufficiency of service of process. In fact, Defendant has yet to make a formal appearance in this matter despite apparent notice of Plaintiff's Complaint and default judgment for more than two months.

Pursuant to this Court's Order, Plaintiff filed its Proposed Findings of Fact and Conclusions of Law on June 14, 2013. (Docket No. 11.) The Certificate of Service attached thereto reflects that copies were sent to Defendant and Defendant's counsel that same day via first class mail. (Docket No. 11, at 7.) To their Proposed Findings of Fact

and Conclusions of Law, Plaintiff has attached the affidavit of Plaintiff's principal, Richard Kolb. (Docket No. 11-3.) In that affidavit, Plaintiff requests between $15,000 and $30,000 in statutory damages under 17 U.S.C. § 504(c)(2). Plaintiff states it is seeking statutory rather than actual damages because "actual damages are virtually impossible to ascertain due to the Defendant's willful and complete failure to participate in this litigation." (Docket No. 11, at 3.) Mr. Kolb states in his affidavit that "[i]n the American craft industry, The Bandana Co., Inc. is highly regarded and is the leading maker and seller of metal sculptures of the type which is the subject of this litigation, and . . . is therefore widely and well known in the industry." (Docket No. 11-3, at 3.) Mr. Kolb further states that "[i]t is highly unlikely for a competing company to be ignorant of The Bandana Co., Inc. (d/b/a Yardbirds) products." (Docket No. 11-3, at 3.) Plaintiff further urges that the Court should find willful infringement as a matter of law, thereby entitling Plaintiff to increased damages under § 504(c)(2), arguing that the Infringing Works "are, in some cases, essentially identical and, in others, so strikingly similar to Plaintiff's Protected Works that only intentional copying can explain the similarities between the works, and, additionally, because the allegations of willfulness in Paragraph 31 of the Verified Complaint should be deemed admitted for Defendant's failure to answer and appear." (Docket No. 11, at 3-4.)

CONCLUSIONS OF LAW

The Copyright Act provides the owner of a copyright with the exclusive right to reproduce, prepare derivative works from, and/or distribute the copyrighted work. 17 U.S.C. § 106(4). Any person who violates this exclusive right is an infringer. § 501(a).

In an action for infringement, the copyright owner may seek statutory damages under § 504(c), injunctive relief under § 502, and attorney's fees and costs under § 505.

Section 502(a) permits a court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In its Order of April 17, the Court defaulted Defendant on the issue of infringement and awarded Plaintiff a permanent injunction against Defendant. (Docket No. 9.) In light of Defendant's failure to appear or participate in this lawsuit, the Court reaffirms its conclusion that broad permanent injunctive relief is both appropriate and necessary.

Turning to the issues at hand, having recognized that infringement has occurred, Defendant is now subject to the remaining remedy provisions under the Copyright Act. Therefore, despite being uncertain, damages are in order. *See Digital Filing Sys., L.L.C. v. Aditya Int'l*, 323 F. App'x 407, 412 (6th Cir. 2009). *See generally Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562 (1931) ("The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount.").

## I. Statutory Damages under 17 U.S.C. § 504(c)

Under the Copyright Act, an infringer is liable for either statutory damages or the copyright owner's actual damages. 17 U.S.C. § 504(a). A copyright owner may elect to receive "instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work." *Id.* § 504(c)(1). The awarding of statutory damages is a factual determination to be made either by the Court or, if requested by a party, a jury. *Feltner v. Columbia Pictures*

*Television, Inc.*, 523 U.S. 340 (1998). Plaintiff has not requested a jury trial on damages, and Defendant has yet to enter an appearance or respond in this matter; therefore, the assessment of damages is within the province of the Court.

Pursuant to § 504(c)(1), the Court may award a copyright owner statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." "In copyright infringement cases, the district court has discretion to award statutory damages of any amount between this minimum and maximum for each infringement." *Digital Filing Sys.*, 323 F. App'x at 412; *see also Wildlife Internationale, Inc. v. B. Russell Clements*, 782 F.2d 1044, 1985 WL 14088, at *2 (6th Cir. Dec. 3, 1985) (unpublished table decision) ("The court's discretion is broad in determining the amount of damages within the statutory maximum and minimum . . . ."). Furthermore, "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). In this Circuit, "willful copyright infringement requires evidence that a defendant has knowingly or recklessly infringed on the copyright." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 278 (6th Cir. 2009) (citing *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 584 (6th Cir. 2007)).

Plaintiff requests that the Court award statutory damages in an amount between $15,000 and $30,000 per infringement for a total of between $75,000 and $150,000. Plaintiff further argues that the Court should find that Defendant's infringement was willful and, upon doing so, award Plaintiff $30,000 per infringement—representing the maximum amount for nonwillful conduct under § 504(c)(1)—for a total of $150,000.

When it entered default judgment, this Court did not reach the issue of whether Defendant's infringement was willful. Plaintiff cites a wealth of authority from other circuits and district courts around the country to suggest that "[t]his Court may find that Defendant's infringement was willful based solely on its default." (Docket No. 11, at 4-5.) While these decisions certainly seem to support Plaintiff's proposition, the Court has been unable to locate any binding authority on this point. In the absence of controlling precedent, the Court declines to find as a matter of law that Defendant's infringement was willful solely on the basis that Defendant has not appeared or participated in this litigation. Furthermore, the Court declines to conclude as a matter of law that the Infringing Works "are so strikingly similar in nature that they could only have been intentionally copied directly from Plaintiff's copyrighted Protected Works." Though well-taken, Plaintiff's argument in this regard is insufficient to sustain its burden of producing "evidence that a defendant has knowingly or recklessly infringed on the copyright." *Bridgeport Music*, 585 F.3d at 278.

Although the Court declines to render a finding of willful infringement based on the evidence before it, the Court does take note of the fact that Defendant has failed to respond or otherwise participate in this litigation despite having apparent notice and despite several months having passed since default judgment was entered on April 17. Much like the district court concluded in *Digital Filing Systems, L.L.C. v. Agarwal*, "[t]he evidence . . . establishes that Defendant[] did not act *innocently*, but it does sufficiently establish that Defendant[] acted *willfully*." 2005 WL 1702954, at *2 (E.D. Mich. July 20, 2005), *aff'd*, 323 F. App'x 407 (6th Cir. 2009). Therefore, the Court concludes that an award near the middle of the statutory range would be just and

appropriate and, so, will award Plaintiff the total sum of $75,000, representing an award of $15,000 per infringement.

## II.     Attorney's Fees under 17 U.S.C. § 505

The Copyright Act expressly provides that "the court in its discretion may allow the recovery of full costs [and] may also award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  The Sixth Circuit has consistently stated that "[t]he grant of fees and costs is the rule rather than the exception and they should be awarded routinely."  *E.g.*, *Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008)).  "[T]he decision to grant attorney's fees remains within the trial court's discretion."  *Id.* (citing 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

Plaintiff seeks attorney's fees and costs in the amount of $6,779.  (Docket Nos. 12; 12-1.)  To its Motion for Attorney Fees, Plaintiff attaches the affidavit of Plaintiff's counsel, Kyle Anne Citrynell, in which Ms. Cityrnell outlines the number of hours worked by the attorneys and their staff and the hourly rate for each individual.  (Docket No. 12-1.)  The Court finds these fees reasonable and, therefore, will award Plaintiff attorney's fees in the amount of $6,779.

* * * * *

A separate Judgment will issue concurrently with these Findings of Fact and Conclusions of Law.

Date:

cc:     Counsel